# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHARON STEWART,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  6:10-cv-630-Orl-28DAB**

**STERLING TECHNOLOGY SOLUTIONS,
LLC, RONALD C. MORGAN, individually,
and MICHAEL A. DANIELS, individually.**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO DISMISS (Doc. No. 12)**
>
> **FILED:**      September 29, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The individual Defendants, proceeding *pro se* in this Fair Labor Standards Act case, move to dismiss the case against them because "[a]s an LLC[,] the principals Ronald C. Morgan and Michael A. Daniels are not liable for or personally responsible for the Debts, Liabilities and/or actions of the LLC." To the extent this motion, interpreted liberally, purports to move for dismissal for failure to state a claim, it is **respectfully recommended** that the motion be **denied.**

*Motion to Dismiss Standard*

On a motion to dismiss, the Court must accept the plaintiff's well pled alleged facts as true and view all inferences from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F. 3d 1480, 1484 (11th Cir. 1994). A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. lgbal,* 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id. (quoting Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556.

*Analysis*

The only issue raised in the motion is whether principals of an LLC can be sued, in their individual capacity, for damages under the Fair Labor Standards Act ("FLSA").[1] As Plaintiff points out in her brief, accepting the well pled allegations of the Amended Complaint as true, Plaintiff has stated a cause of action against the individual Defendants.

Plaintiff has alleged that she was employed by Sterling Technology Solutions, LLC and seeks a judgment "against her former employer, STERLING TECHNOLOGY SOLUTIONS, LLC., and

---

[1] Although these Defendants argue that they are not liable for the actions of the LLC, they are not being sued in a representative capacity. Plaintiff has alleged that they are individually liable as employers, within the meaning of the FLSA.

RONALD C. MORGAN, and MICHAEL A. DANIELS for unpaid wages, unpaid commission and unpaid expenses in violation of the Fair Labor Standards Act ("FLSA")." (Doc. No. 9. Allegation 1). She asserts that "upon information and belief," Defendants Morgan and Daniels each:

> as a managing member/manager of STERLING TECHNOLOGY SOLUTIONS, LLC, exercised control over the nature and structure of the Plaintiff's employment relationship with STERLING TECHNOLOGY SOLUTIONS, LLC, and/or exercised economic control over the relationship between the Plaintiff and STERLING TECHNOLOGY SOLUTIONS, LLC. Specifically, ROANLD C. MORGAN [and MICHAEL A. DANIELS] has a significant ownership interest with operational control of significant aspects of STERLING TECHNOLOGY SOLUTIONS, LLC'S day-to-day functions including, but not limited to, the power to hire and fire employees; the power to determine salaries and/or pay; and the responsibility to maintain employment records.

(Doc. No. 9 – Allegations 8 and 9).

Under the FLSA, an "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).  A "'[p]erson' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." *Id*. § 203(a).  As set forth by the Eleventh Circuit, "the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir. 1986)("To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.").  Here, Plaintiff has alleged that the individual Defendants had "significant ownership interest with operational control of significant aspects" of the corporate employer's "day-to-day functions including, but not limited to, the power to hire and fire employees; the power to determine

salaries and/or pay; and the responsibility to maintain employment records."[2] Assuming the truth of this allegation for present purposes,[3] the Amended Complaint states a cause of action against the individual Defendants as "employers" under the applicable provision of FLSA.

It is therefore respectfully recommended that the motion to dismiss be **denied.** The individual Defendants should be directed to file an Answer to the Amended Complaint within 14 days of the date of any Order adopting this Report.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] Although the assertions regarding these Defendants are prefaced with a disclaimer that the allegation is "upon information and belief," the Court notes that the motion does not dispute the description of the individual defendants' roles with respect to the LLC. Indeed, these Defendants refer to themselves in the motion as "the principals" of the LLC.

[3] For the benefit of the *pro se* Defendants, the Court stresses that it makes no finding that these Defendants are, in fact, liable under FLSA. It only finds that, assuming the allegations to be true, as the Court must on a motion to dismiss, the Amended Complaint states a cause of action against these Defendants. A full determination on the merits of the claim must await appropriate proceedings.