**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHARON STEWART,**

                 **Plaintiff,**

**-vs-**                                                            **Case No. 6:10-cv-630-Orl-28DAB**

**STERLING TECHNOLOGY SOLUTIONS,**
**LLC, RONALD C. MORGAN, individually,**
**and MICHAEL A. DANIELS, individually.**

                 **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS (Doc. No. 38)**
>
> **FILED:** **July 21, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

This is an action for alleged unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and unpaid wages under Chapter 448, Florida Statutes. These causes of action purport to be set forth in the operative Second Amended Complaint (Doc. No. 25). Defendant Ronald C. Morgan, appearing *pro se*, has filed a Motion to Dismiss, asserting that 1) he was never properly served with process, and 2) was not Plaintiff's employer, in that he had "nothing to do" with hiring her, never met with her or signed her payroll check or other required reports, and was not a "party" to the terms and conditions of her employment. The Court liberally construes the filing as presenting

a Federal Rule 12 motion to dismiss for insufficient process and for failure to state a cause of action. *See* Fed. R. 12(b)(4) and (6). Plaintiff has filed her response, contending that the first contention is moot and the second contention is, at best, a general denial of the allegations pled in the Second Amended Complaint. Upon close review of the allegations of the Second Amended Complaint, the Court respectfully recommends that the motion be **granted, in part** in that the Second Amended Complaint be **dismissed, with leave to re-plead.**

*Motion to Dismiss Standard*

The Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,* – U.S. – ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted).

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

*Issues and Analysis*

Applied here, Morgan raises a procedural objection (insufficient service) and a substantive objection (failure to state a cause of action against him). To the extent Morgan objects to insufficient service of the Second Amended Complaint (or any prior document, as his motion is unclear), the Court has already addressed this contention in a prior Order. *See* Doc. No. 37. As such, this ground is moot. As for the substantive objection, Plaintiff is correct in noting that the defense of "I am not the employer" is a factual assertion that goes to the merits of the claim and is not ordinarily cognizable in a motion to dismiss context. In view of the *pro se* status of the Defendant, however, the Court construes the motion liberally and reviews the allegations of the operative pleading to determine if it does, indeed, state a cause of action against this Defendant. Upon review of the allegations as actually pled, the Court finds the Second Amended Complaint must be dismissed to the extent it purports to state a claim for employer liability against Morgan.

As set forth above, in order to survive a motion to dismiss for failure to state a claim, the complaint must state a claim that is plausible on its face. The Court therefore examines the instant operative complaint to see if it pleads factual content that allows the court to draw the reasonable inference that Morgan is liable for the misconduct alleged. The Court finds that it does not.

In her response to the motion (Doc. No. 39), Plaintiff states that in her Second Amended Complaint:

> Plaintiff further alleges that Defendant Morgan is a managing member of Defendant Sterling and exercised control over the nature and structure of the Plaintiff's employment relationship with Defendant Sterling, and/or exercised economic control over the relationship between the Plaintiff and Defendant Sterling. In addition, it is alleged that Defendant Morgan has a significant ownership interest with operational control of significant aspects of Defendant Sterling's day-to-day functions including, but not limited to, the power to hire and fire employees; the power to determine salaries and/or pay; and the responsibility to maintain employment records.

(Doc. No. 39 at p. 2).

As "the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages," *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986), these allegations, coupled with the other factual allegations regarding non-payment, would be enough to state a cause of action against Morgan.[1]  Contrary to Plaintiff's representation, however, the above allegations **do not appear** in the Second Amended Complaint.  Rather, with respect to Morgan, the Second Amended Complaint states only:

> Defendant, RONALD C. MORGAN, upon information and belief is a resident of Seminole County, Florida and as a managing member/manager of STERLING TECHNOLOGY SOLUTIONS, LLC, exercised control over the nature and structure of the Plaintiff's    [blank space ]

(Doc. No. 25, Allegation 8).

While Plaintiff may have *meant* to include allegations regarding Morgan sufficient to state a cause of action under FLSA and/or Chapter 448, Fla. Stat., she did not, in fact, do so.  Although the Court assumes this was unintentional, the defect is nonetheless fatal.  While Plaintiff clearly and affirmatively alleged a factual basis for inferring liability against the other two Defendants,[2] the Court cannot presume or credit allegations that are inexplicably absent from a pleading.  The Second Amended Complaint does not state a cause of action against Morgan, as currently pled.

A final note is in order.  In holding that the motion to dismiss should be granted and the operative complaint dismissed, the Court is not deciding whether or not Morgan is, in fact, a statutory employer.  Rather, the Court finds only that the operative pleading has not properly stated a cause of action against him.  The Court notes that the pleading is subject to amendment, and such amendment

---

[1] In his motion, Morgan disputes that he had the required involvement in the day to day operation of Sterling and had no direct responsibility for Plaintiff's employment.  This factual dispute cannot be resolved on a motion to dismiss.  At issue here is only whether Plaintiff has properly stated enough facts that *if true* allow for an inference of liability.

[2] *See* Allegations 6 and 9.

may well provide the missing allegations sufficient to state such a claim.  If and when such a claim is stated, Morgan is free to assert his "I am not an employer" defense in his answer.

For the foregoing reasons, it is **respectfully recommended** that the motion to dismiss be **granted, in part** in that the Second Amended Complaint be **dismissed** with leave to re-plead.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 9, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy