# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHARON STEWART,**

     **Plaintiff,**

**-vs-**                Case No. 6:10-cv-630-Orl-28DAB

**STERLING TECHNOLOGY SOLUTIONS,
LLC, RONALD C. MORGAN, individually,
and MICHAEL A. DANIELS, individually.**

     **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on review of Plaintiff's Response (Doc. No. 49) to the Court's Order to Show Cause (Doc. No. 48). In that Order, the Court noted a lack of activity with respect to the prosecution of this case against the named Defendants. Noting that a summons was issued on September 20, 2011 as to Defendant Sterling Technology Solutions, Plaintiff was ordered to show cause why the action should not be dismissed as to this Defendant, as there was no indication that it had been served with the operative complaint. Further, the Court observed that Defendant Michael Daniels was served with the Third Amended Complaint more than 60 days ago, with no responsive pleading being filed or default being sought. Plaintiff was directed to show cause why sanctions should not be imposed for failure to prosecute her claim against this Defendant. Finally, the Court noted that the Clerk entered a default against Ronald Morgan on November 9, 2011, and no further docket activity has occurred since that time. Plaintiff was asked to indicate whether she intended to proceed solely against this Defendant.

In response, Plaintiff advises that she intends to proceed against Sterling and Ronald Morgan, but notes that Defendant Daniels has filed for bankruptcy.[1] As the filing implicates the automatic stay provision of the Bankruptcy Code, it is **recommended** that this action be **STAYED** with respect to Defendant Daniels with the requirement that plaintiff file a status report as to the bankruptcyJune 1, 2012 and every 60 days thereafter.

As for the action against Sterling Technology Solutions, LLC, Plaintiff has not shown cause why the action should not be dismissed as to this Defendant, as there was no indication that it had been served with the operative complaint and the time for doing so has long passed. Absent any showing of good cause for the delay, it is **recommended** that the case be dismissed as to this defendant, without prejudice, pursuant to Federal Rule 4(m), Fed. R. Civ. Procedure.

As for the status of the claim against the final Defendant, Plaintiff states that she "has filed a Rule 55 Motion for Default against Defendant, Ronald Morgan," (citing "Doc. 156"), and asserts that "To date, no Order has been entered by this Court." This is incorrect on several fronts. Plaintiff filed a motion for entry of a *clerk's* default, pursuant to Rule 55(a), at Doc. 45. The Court granted that motion at Doc. 46, and the Clerk promptly entered the default at Doc. 47. There is no motion for entry of a default judgment filed, and there is no docket number 156. In view of the recommendation that the case be stayed as to Daniels and dismissed as to the LLC, it is further **recommended** that Plaintiff be directed to seek default judgment as to Morgan within seven days of any order which may adopt this recommendation, failing which the case against this Defendant be dismissed for failure to prosecute.

---

[1] Although Daniels has not filed a suggestion of bankruptcy in this matter, the Court confirms that a bankruptcy proceeding has been commenced by Daniels in this District. Case No. 6:12-bk-0072-KSJ.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 2, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy