**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SHARON STEWART,**

        **Plaintiff,**

**-vs-**	Case No. 6:10-cv-630-Orl-28DAB

**RONALD C. MORGAN, individually, and
MICHAEL A. DANIELS, individually.**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO FILE FOURTH AMENDED COMPLAINT (Doc. No. 53)**
>
> **FILED:** May 21, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The District Court adopted the recommendation of the undersigned (Doc. No. 50) and dismissed the action against Sterling Technology Solutions, LLC (Doc. No. 52), following review of Plaintiff's response (Doc. No. 49) to an Order to Show Cause why the action should not be dismissed against this Defendant (Doc. No. 48). Mere hours after the dismissal, Plaintiff filed the instant motion, which reads, in its entirety:

> Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff SHARON STEWART hereby respectfully moves the Court for leave to file her FOURTH AMENDED COMPLAINT, a draft copy of which is attached hereto. The FOURTH AMENDED COMPLAINT seeks to add STERLING TECHNOLOGY SOLUTIONS,

> LLC. as a Defendant to this action. The FOURTH AMENDED COMPLAINT maintains the counts and allegations of the Third Amended Complaint but merely seeks to add back in Defendant, STERLING TECHNOLOGY SOLUTIONS, LLC. who was dismissed from this action for non-service of process within the prescribed time period (Doc. 50). The undersigned has been unable to make contact with STERLING TECHNOLOGY SOLUTIONS, LLC so as to comply with this Court's Rule 3.01(g) "Good Faith Conference" requirement.

(Doc. No. 53).

Plaintiff filed this action over two years ago. As detailed in the docket, Plaintiff has struggled to state her claim, serve the appropriate defendants, and prosecute this action in a timely fashion. These difficulties resulted in the dismissal of the claim against Sterling. The instant motion ignores the fact that this claim has been dismissed from this case and provides absolutely no basis for the relief sought.[1] It is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 5, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Counsel apparently believes a dismissal without prejudice means that a defendant can be "added back in" the same suit by mere request. He is, of course, mistaken. Indeed, such an interpretation would render the show cause process and resulting dismissal to be meaningless. A dismissal, with or without prejudice, is just that: the claim is no longer a part of this suit. To the extent Plaintiff wishes to pursue the claim against Sterling, she must do it, if at all, in another action.