# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHARON STEWART,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:10-cv-630-Orl-28DAB**

**STERLING TECHNOLOGY SOLUTIONS,
LLC, RONALD C. MORGAN, individually,
and MICHAEL A. DANIELS, individually.**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST RONALD C. MORGAN (Doc. No. 54)**
>
> **FILED:** May 22, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

Following entry of a clerk's default, the instant motion seeks a default judgment against Ronald Morgan for failure to respond to the Third Amended Complaint (Doc. No. 43), brought under the Fair Labor Standards Act ("FLSA") and Chapter 448, Florida Statutes.[1]  No response to the motion has been filed by the defaulted Defendant and the matter was referred to the United States Magistrate Judge for issuance of a Report and Recommendation. Upon review of the papers filed, the

_____

[1]As noted in a prior Report (Doc. No. 56), the case has had a difficult history, as Plaintiff has struggled to state her claims and serve the appropriate defendants.  The action has been dismissed against the corporate Defendant, and stayed as to Defendant Michael Daniels, due to a bankruptcy filing.

Court finds that Plaintiff has not met the standard for entry of a default judgment, and it is therefore **respectfully recommended** that the motion be **denied, without prejudice to renewal, upon a more adequate showing, within 14 days of any Order adopting this Recommendation.**

### *Standard of Review*

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.,* 129 S.Ct. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

This analysis applies equally to a motion for entry of default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806, 2-5 (M.D. Fla. 2009) ("Therefore, to establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce.").

### *The Allegations*

In the operative complaint, Plaintiff alleges that she was employed by Defendants from November 10, 2009 through February 9, 2010, as a sales representative (Doc. No. 43, Para. 4). According to the allegations, "at all times relevant to violations of the Fair Labor Standards Act, STERLING TECHNOLOGY SOLUTIONS, LLC was engaged in commerce as defined by 29 U.S.C. Section 206(a) and 207(a)(1)." (Doc. No. 43, Para. 6). "Alternatively, Defendant, STERLING TECHNOLOGY SOLUTIONS, LLC, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1). Further, Defendant has two or more employees regularly and recurrently engaged in commerce in the facility where Plaintiff was employed and its annual gross volume of sales is $500,000.00 or more." (*Id.*, Para. 7). Plaintiff alleges "upon information and belief," that Defendant Morgan:

> as a managing member/manager of STERLING TECHNOLOGY SOLUTIONS, LLC, exercised control over the nature and structure of the Plaintiff's employment relationship with STERLING TECHNOLOGY SOLUTIONS, LLC, and/or exercised economic control over the relationship between the Plaintiff and STERLING TECHNOLOGY SOLUTIONS, LLC. Specifically, ROANLD C. MORGAN has a significant ownership interest with operational control of significant aspects of STERLING TECHNOLOGY SOLUTIONS, LLC'S day-to-day functions including, but not limited to, the power to hire and fire employees; the power to determine salaries and/or pay; and the responsibility to maintain employment records.

(*Id.*, Para. 8). Identical allegations are made with respect to co-Defendant Michael A. Daniels.

Plaintiff asserts that "Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed work for the Defendants for which no provisions were made by the Defendants to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week." (*Id.*, Para. 10). According to Plaintiff, "Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act, by failing to compensate the Plaintiff at a rate equal to the minimum wage requirement for work performed while employed by STERLING TECHNOLOGY SOLUTIONS, LLC" (Count I). Plaintiff also alleges that, during her employment, she was entitled to be compensated at a rate of $12.00 per hour and Defendant's have refused to pay Plaintiff for compensation due in the amount

of $2,013.00. Plaintiff seeks her wages, interest and attorney's fees and costs, pursuant to Section 448.08, Florida Statutes (Count II).

*Issues and Analysis*

The FLSA Claim

Section 206(b) of the FLSA provides that "[e]very employer shall pay to each of his employees ... who in any work week is engaged in commerce or in the production of goods for commerce ... not less than the minimum wage rate...." 29 U.S.C. § 206(b). To recover under this section, Plaintiff must demonstrate (1) that there existed an employer-employee relationship between Plaintiff and Defendant during the relevant time period, (2) that either Plaintiff's work activities or Defendant's business operations were engaged in interstate commerce, and (3) that they worked compensable hours for which they were not paid minimum wages when due. *See Sullivan v. Magic City Doughnut Corp.,* No. 6:10-cv-1762-Orl-28DAB; 2011 WL 3516127 (M.D. Fla. July 19, 2011), *citing Foster v. Angels Outreach, LLC*, No. 2:06cv980-ID, 2007 WL 4468717, 2 (M.D. Ala. Dec. 17, 2007) and Eleventh Circuit Pattern Jury Instructions-Civil 1.7.1.

Plaintiff has alleged that Sterling was the actual employer, with Morgan and Daniels alleged to have operational control only "on information and belief." The basis of that belief is not pled, although Plaintiff asserts, in conclusory fashion set forth in Affidavit, that Morgan "exercised operational control of significant aspects of Sterling Technology Solutions, LLC.'s day-to-day functions including, but not limited to, hiring and fíring of employees; determining salaries and/or pay; and maintaining employment records" (Doc. No. 54-1). Even if the Court were to find that this showing is sufficient to hold that Morgan was a statutory employer within the meaning of the FLSA,[2] there is no showing sufficient to establish that this employment is covered by the Act.

---

[2]"The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal citations omitted).

Plaintiff acknowledges, as she must, that she is only entitled to recover damages under FLSA if she can establish that she is covered under FLSA through either individual coverage or through enterprise coverage. For "individual coverage" to apply under FLSA, Plaintiff must prove that she was: 1) engaged in commerce or 2) engaged in the production of goods for commerce. 29 U.S.C. § 206(a)(1). The work of employees "engaged in commerce" involves or relates to "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA: She must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted). Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce. *Thorne,* 448 F. 3d at 1268.

Enterprise coverage applies where: (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) the employer's annual gross volume of sales is $500,000 or more. *See Dent v. Giaimo*, 606 F.Supp.2d 1357, 1360 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238).

In support of a finding that Plaintiff's employment is within the Act, Plaintiff relies solely on the allegations of the operative complaint. The cursory language of that complaint, however, fails to

-5-

present any basis for a finding of liability. Plaintiff asserts that she was a "sales representative," but does not otherwise describe the nature of the work she performed, or the products she sold. Indeed, the complaint is silent on exactly what the business is. Although the complaint avers that Sterling was "engaged in commerce" and was "an enterprise engaged in commerce" and "an enterprise engaged in the production of goods for commerce," these are bare legal conclusions, with no factual basis pled to support them. Absent factual allegations with respect to these critical elements of the claim, liability is not established solely by the entry of the default.

Finally, even if liability were established under FLSA, Plaintiff has not established an appropriate amount of damages. The FLSA claim is for failure to pay minimum wage. In her motion, however, Plaintiff does not seek minimum wages, but seeks to recover her alleged contract rate of $12.00 per hour for 167.75 hours of work.[3] There is no showing that Plaintiff is entitled to this amount under the FLSA.

Further, Plaintiff seeks the imposition of liquidated damages, available upon a showing of wilfulness. Importantly, however, the complaint makes no factual allegation (as opposed to mere conclusion) from which the Court could draw the inference that the alleged failure to pay minimum wage was willful. Entry of default judgment on the FLSA claim is not appropriate here.

The state law claim

As noted above, Plaintiff also seeks recovery of unpaid wages "under Section 448, Florida Statutes." However, Plaintiff fails to cite a particular provision of Chapter 448 which provides for the requested relief. To the extent Plaintiff is referring to Section 448.01, Fla. Stat., "[federal and state] [c]ourts have held that section 448.01 is unconstitutional for vagueness and have expressly held that it is inapplicable to hourly employees . . ." *Marchione v. Pepsico, Inc.*, No. 8:11-cv-2607-T-

---

[3] In her Affidavit, Plaintiff avers that "[d]uring the time I was employed by Stirling [sic] . . I was compensated at a rate of $12.00 per hour" (Doc. No. 54-1), which would seem to contradict her claims that she was not compensated at all for some work.

30TBM; 2012 WL 140502, 1-2 (M.D. Fla. Jan. 18, 2012), *citing Quaker Oats Co. v. Jewell*, 818 So.2d 574 (Fla. 5th DCA 2002); *Ramsey v. Custom Tree Service, Inc.*, 2007 WL 2827560 (M.D. Fla. Sept. 27, 2007); *Posley v. Eckerd Corp.*, 433 F.Supp.2d 1287, 1313 (S.D. Fla. 2006). While Plaintiff notes that "Fla. Stat. § 448.01(4)(c)(1) requires an award of liquidated damages for unlawfully withheld wages" (Doc. No. 54), no such statutory provision exists. To the extent Plaintiff is intending to refer to Section 448.110, the Florida Minimum Wage Act, there is no showing that this Act allows for recovery of a contract wage, nor that Plaintiff has met the conditions precedent for bringing such an action.[4] Moreover, as the undersigned recently noted, the Florida minimum wage laws and the FLSA are similar, although not identical. *Hanna v. CFL Pizza, LLC,* No. 6: 11-cv-1837-22DAB; 2012 WL 515875, 3-4 (M.D. Fla. Jan. 30, 2012), *adopted by* 2012 WL 513017 (M.D. Fla. Feb. 16, 2012). In *Hanna,* the court cited Judge Presnell's explanation in *Kwasnik v. Charlee Family Care Services of Cent. Florida, Inc.*, No. 6:08–cv–926–Orl–31KRS, 2009 WL 1607809, *4 (M.D. Fla. 2009):

> Pursuant to the amendment's grant of authority, the Florida legislature enacted the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110. The FMWA provides a higher minimum wage for all hours worked in Florida for "[o]nly those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations." Fla. Stat. § 448.110(3). The FMWA also incorporates the exemptions and restrictions in sections 213 and 214 of the FLSA "as interpreted by applicable federal regulations and implemented by the Secretary of Labor." Id. Accordingly, *to prevail on a claim for payment of minimum wages under the FMWA, a plaintiff must first establish the same three elements required under the FLSA: that the plaintiff was employed by an employer covered by the FLSA during the time period involved; that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law*.

---

[4]Section 448.110(6)(a) provides, in pertinent part: "However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice."

*Hanna,* 2012 WL 515875 (emphasis added).  Thus, the minimum wage claim under state law fails for the same reason the federal claim fails.

While Plaintiff may have *intended* to plead a cause of action under contract law, she *pled* a cause of action for "recovery of unpaid wages under Section 448, Florida Statutes," and the relief she seeks is not available under that section.  Moreover, with respect to this count, Plaintiff did not demand judgment for liquidated damages, but only wages, interest and attorney's fees and costs. (Doc. No. 43 at p. 5).  "A default judgment must not differ in kind from . . . what is demanded in the pleadings." Federal Rule 54(c), Fed. R. Civ. Pro. (2012).

In sum, default judgment in the amount sought is not warranted by these papers. As entitlement to any judgment has not been shown, the Court does not address entitlement to attorney's fees or costs.  It is **respectfully recommended** that the motion be denied, without prejudice to a final attempt to renew the motion, within 14 days of any Order adopting the foregoing, upon a full showing of jurisdiction, applicability of the FLSA and state law, and *appropriate* damages.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 12, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy