UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON STEWART,

    Plaintiff,

v.                                                 Case No.  6:10-cv-630-Orl-28TBS

STERLING TECHNOLOGY SOLUTIONS,
LLC, RONALD C. MORGAN, individually,
and MICHAEL A. DANIELS, individually.

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Amend/Correct Complaint or in the Alternative, Motion for Extension of Time (Doc. 61).  For the following reasons it is respectfully recommended that the motion be denied.

### I. Background

This case is distinguished by the continuing difficulty Plaintiff has had in attempting to plead and prosecute a Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") claim and a claim for breach of contract against her former employer.  In her original complaint, Plaintiff sued defendant, Sterling Technology Solutions, LLC ("Sterling") for failing to compensate her at a "rate equal to the minimum wage requirement for work performed while employed by Defendant."  (Doc. 1, ¶ 10).

Plaintiff amended her complaint to add Ronald C. Morgan ("Morgan") and Michael A. Daniels ("Daniels") as defendants.  (Doc. 9).  She alleged that Morgan and Daniels each had a significant ownership interest in Sterling and that both of them had operational control over significant aspects of Sterling's day-to-day functions.  (Doc. 9).

Morgan and Daniels filed a pro se motion to dismiss on the ground that Sterling was a limited liability company and therefore, "the principals [Morgan] and [Daniels] are not liable for or personally responsible for the Debts, Liabilities and/or actions of the LLC." (Doc. 12).  Morgan and Daniels also stated that the assets of Sterling had been seized by a secured creditor in March, 2010.  (Doc. 12).  The motion to dismiss was referred to the Magistrate Judge who recommended that it be denied.  (Doc. 15).  On November 9, 2012, the District Judge adopted and confirmed the Report and Recommendation and denied the motion to dismiss.  (Doc. 16).

There was no further record activity until January 3, 2011 when the Court issued an Order to Show Cause why sanctions should not be imposed based upon Plaintiff's failure to prosecute and the Defendants' failure to answer.  (Doc. 17).  Plaintiff responded that she had been engaged in settlement discussions with one or more of the Defendants and had granted them extensions in hopes of resolving the case.  (Doc. 18).  On January 5, 2011, Plaintiff filed a motion for the entry of defaults against Morgan and Daniels.  (Doc. 19).  Those motions were granted.  (Docs. 20 and 21).

After the defaults were entered, Plaintiff requested leave to file her Second Amended Complaint adding a Count II titled "Recovery of Unpaid Wages under Section 448, Florida Statutes." (Docs. 23).  The Court granted the motion and, in its Order, vacated the defaults previously entered against Morgan and Daniels.  (Doc. 24).

In June, 2011, Plaintiff filed new motions seeking the entry of judicial defaults against Sterling and Morgan.  (Docs. 30 and 31).  Morgan responded with a motion to stay (Doc. 34) and a "Motion to Abandon Default Judgment." Doc. 35).  The Magistrate Judge

denied the motions for entry of defaults against Sterling and Morgan; denied Morgan's motions to stay and abandon, and gave Morgan until July 22, 2011 within to file a response to the Second Amended Complaint. (Doc. 37).

On July 21, 2012, Morgan filed a motion to dismiss the Second Amended Complaint on the grounds that he had never been served and he was not involved in the hiring or compensation of Plaintiff. (Doc. 38). The District Judge referred this motion to the Magistrate Judge for another report and recommendation. The Magistrate recommended that the motion to dismiss be granted with leave to amend due to an apparent typographical error. Specifically, paragraph 8 of Plaintiff's Second Amended Complaint had been amended to read:

> 8. Defendant, [Morgan], upon information and belief is a resident of Seminole County, Florida and as a managing member/manager of [Sterling], exercised control over the nature and structure of the Plaintiff's [blank space]

(Doc. 25).

While the Magistrate assumed this defect was unintentional he concluded that without the language previously included in paragraph 8, Plaintiff had failed to state a cause of action against Morgan. (Doc. 40). The District Judge adopted and confirmed this Report and Recommendation and gave Plaintiff leave to file a Third Amended Complaint. (Doc. 42).

Plaintiff's Third Amended Complaint was filed on September 16, 2011. (Doc. 43). The Defendants did not respond to the Third Amended Complaint and Plaintiff motioned the Court for the entry of a default against Morgan. (Doc. 45). The motion was granted and on November 9, 2011, Morgan was defaulted. (Docs. 46 and 47).

Once again, record activity ceased and on February 16, 2012, the Court issued another Order to Show Cause why this action against Sterling and Daniels should not be dismissed for failure to prosecute. (Doc. 48). The Court also ordered Plaintiff to state in her response, whether she intended to proceed solely against Morgan. (Id.) Plaintiff replied that Daniels had filed bankruptcy and consequently, the action against him was stayed. (Doc. 49). Plaintiff also stated that she intended to proceed against Sterling and Morgan. (Id.)

On April 2, 2012, the Magistrate Judge issued a Report and Recommendation that this action be stayed as to Daniels, that the action against Sterling be dismissed for failure to prosecute, and that Plaintiff be directed to seek a default judgment against Morgan. (Doc. 50). Plaintiff objected to this recommendation. (Doc. 51). On May 21, 2012, the District Judge overruled Plaintiff's objections, stayed this case against Daniels, dismissed Plaintiff's claims against Sterling without prejudice, and gave Plaintiff seven days to file a motion for default judgment against Morgan. (Doc. 52).

Within hours after the District Judge entered his Order, Plaintiff filed a motion for leave to file a Fourth Amended Complaint adding Sterling back as a defendant. (Doc. 53). The District Judge referred this motion to the Magistrate Judge who issued a Report and Recommendation that it be denied. (Doc. 56). Plaintiff objected to the Magistrate's recommendation (Doc. 58). The District Judge overruled the objections and approved and confirmed the Magistrate's Report and Recommendation. (Doc. 59).

Plaintiff filed a motion for the entry of a default judgment against Morgan which was also referred to the Magistrate Judge. (Doc. 54). The Magistrate recommended that this

-4-

motion be denied because: (1) Plaintiff's Third Amended Complaint fails to allege sufficient facts showing that Plaintiff was engaged in or employed in an enterprise engaged in commerce or the production of goods for commerce (a prerequisite to federal court jurisdiction); (2) Plaintiff had not established the appropriate amount of her damages; (3) Plaintiff had failed to allege facts showing a wilful failure to pay minimum wage and consequently, had not shown a basis for liquidated damages; and (4) Plaintiff failed to allege a valid statutory basis for her state law claim.  (Doc. 56).  Plaintiff did not object to this recommendation which the District Judge approved and confirmed.  (Doc. 59).  In his Order, the District Judge gave Plaintiff fourteen days within to renew her motion for default judgment against Morgan provided she could show jurisdiction, applicability of the FLSA and state law, and appropriate damages.  (Id.)

In the motion now pending before the Court, Plaintiff once again seeks leave to file a Fourth Amended Complaint.  (Doc. 61).  As grounds, she says she wants to clarify and address the Court's concerns and that leave to amend should be freely granted.  (Id.) (Doc. 61).  Plaintiff attached "a draft copy" of her proposed Fourth Amended Complaint to the motion.  (Doc. 61-1).  If her motion for leave to amend is denied, then Plaintiff requests an extension of time through August 6, 2012 within to renew her motion for the entry of default judgment against Morgan.  (Doc. 61).  In support of this motion, counsel states that additional time is required to consult with his client, he has a heavy workload, and a preplanned vacation.  (Id.)

II. Discussion

Federal Rule of Civil Procedure 7(b)(1)(B) requires motions to "state with particularity the ground for seeking the order." This has been interpreted to mean that a party seeking leave to amend must submit a copy of the proposed amendment "or set forth the substance thereof." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006). Here, Plaintiff has submitted a "draft" of her proposed Fourth Amended Complaint. (Doc. 61-1). Plaintiff has not offered any explanation for her failure to provide the Court with the final version of the complaint she seeks to file. Regardless, the "draft' is what the Court must work from. Plaintiff's proposed Fourth Amended Complaint includes paragraphs 12 through 15 however, she has failed to incorporate these paragraphs into either count and therefore, the Court has not considered them in its analysis. The Court also notes that Plaintiff once again includes a paragraph that is incomplete:

> 20. In addition, Chapter 448 requires that [Morgan] pay Plaintiff a [blank space].

For these reasons, it would not be appropriate to grant Plaintiff leave to file the current iteration of her Fourth Amended Complaint.

Even after the Magistrate Judge explained all of the deficiencies in Plaintiff's Third Amended Complaint, she continues to commit some of the same errors. Count I, brought under the FLSA, still fails to aver Plaintiff's rate of compensation, the number of hours she worked without compensation, or the number of hours, if any, she worked in excess of 40 hours per week for which she was not paid time and one-half. Plaintiff's prayer for relief asks only for "[w]ages found to be due and owing." (Id.) In its most recent Order, the Court gave Plaintiff 14 days to seek a default

judgment against Morgan if she could state appropriate damages. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c). Despite the Court's Order, Plaintiff has not applied for a default or sought leave to file an amended complaint which states the amount of her damages under the FLSA.

Count II of the draft complaint is equally problematic. In his most recent Report and Recommendation, the Magistrate Judge observed that Plaintiff, in her claim under state law, may have intended to plead a cause of action under contract law, but that she instead pled a cause of action for recovery of unpaid wages under Chapter 448 Florida Statutes. (Doc. 57). Although Count II is now titled "Breach of Contract," Plaintiff continues to improperly cite Chapter 448 as the basis for her claim. (Doc. 61-1, ¶¶ 20-21).

For these reasons, Plaintiff's motion for leave to file a Fourth Amended Complaint should be denied.

Plaintiff's alternative request is for an extension of time until August 6, 2012 to renew her motion for default judgment. This request should be denied because it was filed three days after the expiration of the 14-day period granted by this Court and Plaintiff has not provided a legitimate reason to excuse her untimeliness. And, it is difficult to fathom what information counsel needs from his client that he has not acquired before now.

This is a simple case which has not been vigorously prosecuted or defended. In the more than two years since Plaintiff filed her original complaint none of the

Defendants has answered yet Plaintiff has been unable to secure the entry of a default final judgment against anyone.  It is respectfully submitted that at some point, enough is enough and this Court should dismiss this action against Morgan for failure to comply with this Court Order (Doc. 59) and for failure to meaningfully prosecute her claims against Morgan.

### III. Recommendation

Accordingly, it is respectfully recommended that:

(1)  Plaintiff's Motion to Amend/Correct Complaint or in the Alternative, Motion for Extension of Time (Doc. 61) be denied; and

(2) That Plaintiff's action against Morgan be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days form the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida, on August 1, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

All Counsel
Pro Se Party